Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 304
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
YIN GUI CHEN                                    Docket No: 13-CV-5175    (BERMAN)

                                                **ANSWER**
                        Plaintiff,              **AND AFFIRMATIVE**
                                                **DEFENSES**
            -against-


C&R ROCK INC., (d/b/a Peking Tokyo of Lebanon)
JOHNNY ZENG, MARK ZENG, and JIN HUANG

                        Defendant.
-------------------------------------------------------------------x

    Defendants, C&R ROCK INC. d/b/a Peking Tokyo of Lebanon (hereinafter "Peking Tokyo"), JOHNNY ZENG, MARK ZENG and JIN HUANG by and through their attorneys, THE LAW OFFICES OF VINCENT S. WONG, answering the allegations of the Plaintiff as follows:

    1.  Admits the allegations in paragraph 1 insofar as Plaintiff was employed by C&R Rock Inc. (d/b/a "Peking Tokyo of Lebanon).

    2.  Admits the allegations in paragraph 2 with the exception that the restaurant is known as "Peking Tokyo of Lebanon."

    3.  Admits the allegations in paragraph 3 insofar as Jin Huang has an ownership interest in C&R Rock Inc. individually or through one or more entities.

4. Denies the allegations in paragraph 4.

5. Denies the allegations in paragraph 5.

6. Denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. States that paragraph 8 is a legal conclusion that does not require an admission or denial.

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13 except that Defendant C&R Rock Inc owns a Japanese restaurant located at 45 Hanover Street, Lebanon, NH 03766 under the trade name "Peking Tokyo of Lebanon."

14. Admits the allegations in paragraph 14 insofar as C&R Rock Inc. is a New Hampshire corporate entity with an office at 45 Hanover Street, Lebanon, NH 03766.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Admits the allegations in paragraph 17 insofar as Jin Huang has an ownership interest in the Defendant Corporation individually or through one or more entities.

18. Admits the allegations in paragraph 18 with the exception that the restaurant is known as "Peking Tokyo of Lebanon."

19. Admits the allegations in paragraph 19.

4. Denies the allegations in paragraph 4.

5. Denies the allegations in paragraph 5.

6. Denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. States that paragraph 8 is a legal conclusion that does not require an admission or denial.

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13 except that Defendant C&R Rock Inc owns a Japanese restaurant located at 45 Hanover Street, Lebanon, NH 03766 under the trade name "Peking Tokyo of Lebanon."

14. Admits the allegations in paragraph 14 insofar as C&R Rock Inc. is a New Hampshire corporate entity with an office at 45 Hanover Street, Lebanon, NH 03766.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Admits the allegations in paragraph 17 insofar as Jin Huang has an ownership interest in the Defendant Corporation individually or through one or more entities.

18. Admits the allegations in paragraph 18 with the exception that the restaurant is known as "Peking Tokyo of Lebanon."

19. Admits the allegations in paragraph 19.

20. Admits the allegations in paragraph 20 insofar as Jin Huang has an ownership interesting the Defendant Corporation individually or through one or more entities.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Admits the allegations in paragraph 28.

29. Admits the allegations in paragraph 29 insofar as the Plaintiff is a former employee of C&R Rock Inc.

30. Denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Defendants repeat and reanswer the statements set forth in paragraphs 1 through 43 hereof.

45. States that paragraph 45 is a legal conclusion that does not require an admission or denial.

46. Denies the allegations in paragraph 46.

47. Admits the allegations in paragraph 47.

48. States that paragraph 48 is a legal conclusion that does not require an admission or denial.

49. Denies the allegations in paragraph 49.

50. States that paragraph 50 does not require an admission or denial.

51. States that paragraph 51 does not require an admission or denial.

52. Denies the allegations in paragraph 52.

53. States that paragraph 53 is a legal conclusion that does not require an admission or denial.

54. States that paragraph 54 does not require an admission or denial.

55. Defendants repeat and reanswer the statements set forth in paragraphs 1 through 54 hereof.

56. Denies the allegations in paragraph 56.

57. Denies the allegations in paragraph 57.

58. Defendants repeat and reanswer the statements set forth in paragraphs 1 through 57 hereof.

59. Denies the allegations in paragraph 59.

60. States that paragraph 60 is a legal conclusion that does not require an admission or denial.

61. Defendants repeat and reanswer the statements set forth in paragraphs 1 through 60 hereof.

62. Denies the allegations in paragraph 62.

63. Defendants repeat and reanswer the statements set forth in paragraphs 1 through 62 hereof.

64. States that paragraph 64 is a legal conclusion that does not require an admission or denial.

65. Denies the allegations in paragraph 65.

66. Defendants repeat and reanswer the statements set forth in paragraphs 1 through 65 hereof.

67. Denies the allegations in paragraph 67.

## AFFIRMATIVE DEFENSES

### LACK OF PERSONAL JURISDICTION

68. The Plaintiff lacks personal jurisdiction over the Defendants.

69. The Plaintiff does not have sufficient minimum contacts with New York or the Southern District of New York, the forum in which this cause of action has been filed.

70. The Defendants have never purposely availed themselves of New York's laws or privileges.

71. Every individual Defendant lives in New Hampshire.

72. The Corporate Defendant is incorporated in New Hampshire and is headquartered in New Hampshire.

73. The subject restaurant is located in New Hampshire. All of the restaurants licenses, permits, and taxes are paid in New Hampshire.

74. The Trade Name "Peking Toyko of Lebanon" is registered in New Hampshire.

75. Upon information and belief, the Plaintiff resides with his wife and son in New Hampshire at 57 Hanover Street, 2nd Floor, Lebanon, NH, 03766.

76. All or substantially all of the alleged conduct occurred in New Hampshire.

77. Every potential witness, document, and party is located in New Hampshire.

78. All of the Defendants were allegedly served in New Hampshire.

79. Plaintiff does not have any basis on which to claim that New York federal court has personal jurisdiction over the Defendants.

80. For the foregoing reasons, the Plaintiff lacks Personal Jurisdiction over all the Defendants. This matter should be dismissed with prejudice in all New York District Courts, and the Plaintiff should be directed to bring his law suit in the district in which this action allegedly occurred.

**LACK OF SUBJECT MATTER JURISDICTION**

81. Upon information and belief that the Plaintiffs have failed to comply with 29 U.S.C. § 216(b) and this action should be dismissed. 29 U.S.C. § 216(b) states in relevant parts: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

82. Accordingly, this action should be dismissed for lack of jurisdiction.

## FORUM NON CONVENIENS

83. The doctrine of Forum Non Conveniens should direct this court, in its discretion, to order that this case be refiled in New Hampshire.

84. As stated above, all of the parties live in New Hampshire.

85. All or substantially all of the alleged conduct occurred in New Hampshire.

86. Every potential witness, document, and party is located in New Hampshire.

87. As such, the Court in its discretion should direct the Plaintiff to bring this case in a more convenient forum, namely a District Court in New Hampshire.

## FAILURE TO STATE A CAUSE OF ACTION

88. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

89. Plaintiff's first Cause of Action fails to state a claim upon which relief may be granted.

90. Plaintiff's second Cause of Action fails to state a claim upon which relief may be granted.

7

91. Plaintiff's third Cause of Action fails to state a claim upon which relief may be granted.

92. Plaintiff's fourth Cause of Action fails to state a claim upon which relief may be granted.

93. Plaintiff's fifth Cause of Action fails to state a claim upon which relief may be granted.

94. Plaintiff's sixth Cause of Action fails to state a claim upon which relief may be granted.

95. Plaintiff's seventh Cause of Action fails to state a claim upon which relief may be granted.

96. The complaint fails to state a claim upon which prejudgment interest may be granted.

97. Plaintiff fails to meet his burden of establishing a prima facie cause of action against the Defendants under the FLSA and New York Labor Law.

98. Each individual Defendant is engaged in an enterprise whose annual gross volume of sales is less than $500,000, and accordingly the FLSA cannot apply to C&R ROCK INC. directly, or its corporate owners, JIN HUANG, JOHNNY ZENG, and MARK ZENG.

99. Under 29 U.S.C. § 203(s)(1), the FLSA can only apply to an "Enterprise engaged in commerce... whose annual gross volume of sales made or business done is not less than $500,000."

100. Further, Plaintiff's complaint makes numerous allegations against "L&R Rock Inc." No such entity exists at the restaurant Plaintiff alleges to have worked for.

The correct entity is C&R Rock Inc. Accordingly, Plaintiff's complaint is facially deficient for failure to state a cause of action against C&R Rock Inc.

101. Plaintiff's complaint makes numerous allegations against Mark Zeng and Johnny Zeng. No such named individuals were owners, managers, or employees of C&R Rock Inc. or the "Peking Tokyo of Lebanon" Restaurant at 45 Hanover Street, Lebanon, NH 03766.

102. Plaintiff's Complaint makes numerous references to New York Labor Laws. However, there is nothing to suggest that New York Labor Law even applies. The restaurant was located in New Hampshire, the Plaintiff worked in New Hampshire, and the causes of action occurred in New Hampshire. Accordingly, Plaintiff's claims under New York Labor Law fail to state a claim upon which relief may be granted.

103. Plaintiff cannot maintain a cause of action against the Defendants, and as such the action should be dismissed for failing to state a claim upon which relief may be granted.

## STATUTE OF LIMITATIONS

104. Plaintiff's claims in whole or in part are untimely and barred by the statute(s) of limitations.

## DEFICIENT SERVICE OF PROCESS

105. Service of process was insufficient.

106. The Plaintiff's affidavit of service is facially deficient.

107. Specifically, all four affidavits of service states, "On the 1st day of August 2013 at 6:00 PM at 4:00 PM…"

108. The listing of two separate times that service supposedly occurred is facially impossible, and as such the affidavit of service is cannot be accepted as fact.

109. Further, Defendants were never served in the manner the affidavit of service alleges.

110. The Defendant Restaurant received copies of the complaint via Fedex with no signature request on August 2, 2013. One week later, the Restaurant received the same letters from the Plaintiff's attorney's office. The defendants were never served in the manner claimed.

111. As such, Defendants were not properly served.

## WAIVER

112. Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiff to the extent the Department of Labor has already investigated and rendered a determination or otherwise resolved any prior claims.

113. To the extent that discovery reveals that Plaintiff previously received compensation for their alleged underpayments in connection with, or as a result of, a payment to Defendants' employees supervised by the Department of Labor, Defendants hereby invoke the doctrine of waiver to ban the claims asserted by the Plaintiff.

## OTHER AFFIRMATIVE DEFENSES

114. Defendant reserves the right to raise any and all defenses that may become evident during discovery and during any other proceeding in this action.

115. Plaintiff, for all relevant dates, was paid in cash, in full, for the services rendered.

116. The Plaintiff's claims are barred by the equitable doctrines of laches, ratification, and estoppel.

117. To the extent applicable, the Plaintiff's claims are barred by the doctrine of res judicata and collateral estoppel.

118. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

119. The plaintiff's claims, to the extent they relate in contract, are barred due to a lack of consideration.

120. Any recovery should be offset by the amounts of tax credits and/or deductions available to the Plaintiff based on any of the transactions at issue.

121. Defendants, at all times, paid and provided working conditions to Plaintiffs in accordance with all applicable state, federal, and local laws.

122. Plaintiffs failed to join a necessary party.

123. Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, and guidelines.

124. Plaintiff's claims are barred by the parol evidence rule.

125. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

126. To the extent that Plaintiff may be able to state a claim, their alleged damages, if any, must be offset against the monies and benefits they received, including but not limited to the monies and benefits they received from New York State or the federal government, or any other entity.

127. Plaintiff has failed to exercise reasonable diligence to mitigate their harm/damages, if any, which is expressly denied, and therefore, are barred from recovering any damages or any damages shall be reduced accordingly.

128. Plaintiff did not pay for meals. The total sum sought by Plaintiffs must be offset against the amount owed to Defendants for meals.

129. Plaintiff refused to report tip income to Defendants so that proper tax withholdings can be calculated and submitted.

130. Plaintiff's claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

131. At no time material herein did any of the Defendants act in a willful, wanton, reckless and/or malicious manner or with reckless disregard of either the FLSA or New York law.

132. Plaintiff's alleged injuries, sufferings, and damages if any were caused by Plaintiff's own acts, omissions, or conduct.

133. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C. 260, because any acts or omissions of Defendants giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

134. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated

defenses. Defendants reserve the right to assert additional defenses in the event their investigation or discovery indicates that additional defenses are appropriate.

**WHEREFORE**, the Defendants C&R ROCK INC. d/b/a Peking Tokyo of Lebanon (hereinafter "Peking Tokyo"), JOHNNY ZENG, MARK ZENG and JIN HUANG respectfully request that this Court enter a judgment dismissing the complaint in its entirety and awarding costs and disbursements of this action, together with such other further relief as this court may deem just, proper and equitable.

Date: New York, NY
August 16, 2013

Law Offices of Vincent S. Wong

/s/ _____
Vincent S. Wong, Esq. (VW9016)

13

SOUTHERN DISTRICT OF NEW YORK

13-CV-5175 (BERMAN)

------------------------------------------------------------------------x

YIN GUI CHEN                                Docket No: 13-CV-5175    (BERMAN)

                                            **ANSWER**
                  Plaintiff,                **AND AFFIRMATIVE**
                                            **DEFENSES**

      -against-


C&R ROCK INC., (d/b/a Peking Tokyo of Lebanon)
JOHNNY ZENG, MARK ZENG, and JIN HUANG

                  Defendant.
------------------------------------------------------------------------x


## ANSWER

Law Offices of Vincent S. Wong

/s/ _____
Vincent S. Wong, Esq.
39 East Broadway, Suite 304
New York, NY 10002
P: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Defendants*

15